# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BRIAN RICHARD MCCABE, : | |
| : | |
|     Debtor. : | |
| _____ : | |
| : | |
| CONOR CORCORAN, : | |
| : | BANKRUPTCY NO. 13-19715 |
|     Appellant, : | |
| : | CIVIL ACTION NO. 16-5792 |
|     v. : | |
| : | ADVERSARY NO. 14-609 |
| BRIAN RICHARD MCCABE, : | |
| : | |
|     Appellee. : | |

## MEMORANDUM

**Tucker, J.**                                                                                                                           **May 11, 2018**

      Before the Court are a Certificate of Appeal from an Order entered by the Honorable Ashley M. Chan, United States Bankruptcy Court Judge for the Eastern District of Pennsylvania (Doc. 1), Appellant's Brief (Doc. 6), Appellant's Supplemental Brief (Doc. 8), and Appellee's Brief (Doc. 9). Upon consideration of the Parties' submissions and exhibits, and the designated record on appeal, the Court AFFIRMS the Bankruptcy Court's decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

      As the Court writes primarily for the Parties, it sets forth only those facts relevant to its analysis.

      On March 12, 2008, Corcoran sued McCabe in the Philadelphia Court of Common Pleas ("CCP") for defamation and false invasion of privacy. *In re McCabe*, 559 B.R. 415, 421 (Bankr. E.D. Pa. 2016). On September 2, 2008, the CCP entered a default judgment against McCabe. *Id.* On February 17, 2009, the CCP held a hearing to assess damages ("Damages Hearing"). *Id.* The

1

CCP entered a judgment in favor of Corcoran, assessing $50,000.00 in compensatory damages and $75,000.00 in punitive damages against McCabe. *Id.* On June 3, 2009, the CCP issued an opinion in support of its judgment. *Id.* The CCP did not explain its reasoning for assessing punitive damages. *In re McCabe*, 559 B.R. at 421. On March 19, 2009, McCabe appealed the decision of the CCP to the Pennsylvania Superior Court. Appellee's Br. 4–5, Doc. 9; Appellant's Br. 9, Doc. 6. On September 17, 2009, the Pennsylvania Superior Court entered an order quashing McCabe's appeal. *In re McCabe*, 559 B.R. at 421.

On November 5, 2013, McCabe filed a Chapter 13 bankruptcy petition. *Id.* On October 31, 2014, Corcoran filed an adversary proceeding in Bankruptcy Court, objecting to the discharge of the judgment entered by the CCP. *In re McCabe*, 559 B.R. at 421; Appellant's Br. 8. On May 19, 2016, the Bankruptcy Court held a trial to determine the dischargeability of McCabe's debt arising from the CCP judgment. *In re McCabe*, 559 B.R. at 421. The Bankruptcy Court found, *inter alia*, that: (1) the judgment against McCabe did not fall within the discharge exception for willful and malicious injury of 28 U.S.C. § 523(a)(6), (2) collateral estoppel based on the CCP's judgment did not apply in its proceeding, and (3) the CCP's Damages Hearing transcript was inadmissible. *In re McCabe*, 559 B.R. at 427–30.

Subsequently, Corcoran filed an appeal to this Court. Corcoran purportedly raises seven (7) issues on appeal. However, Corcoran combines some issues and is not clear on others. The Court interprets Corcoran's appeal to only raise five (5) issues: (1) the Bankruptcy Court erred by determining that the 28 U.S.C. § 523(a)(6)'s exemption requirements were not met; (2) the Bankruptcy Court's determination contradicts the Restatement (Second) of Judgments; (3) the Bankruptcy Court erred by not admitting the CCP Damages Hearing transcript; (4) the

Bankruptcy Court's decision violates the Full Faith and Credit Clause under 28 U.S.C. § 1738; and (5) the Bankruptcy Court violated the Rooker-Feldman doctrine.

## II. STANDARD OF REVIEW

This Court has jurisdiction over this appeal under 28 U.S.C. § 158(a). When reviewing bankruptcy court proceedings, a district court sits as an appellate court. *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 815 (3d Cir. 2010). A district court must "review the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

## III. DISCUSSION

Corcoran argues that the Bankruptcy Court's decision should be reversed for several reasons. For the reasons set forth below, the Court finds Corcoran's arguments unpersuasive and without merit. Therefore, the Court affirms the Bankruptcy Court's decision. The Court will address Corcoran's arguments as follows: (1) the Bankruptcy Court erred by determining that the 28 U.S.C. § 523(a)(6) exemption requirements were not met; (2) the Bankruptcy Court's decision violates the Full Faith and Credit Clause under 28 U.S.C. § 1738; (3) the Bankruptcy Court erred by not admitting the CCP Damages Hearing transcript; (4) the Bankruptcy Court's determination contradicts the Restatement (Second) of Judgments; and (5) the Bankruptcy Court violated the Rooker-Feldman doctrine.

### A. The Bankruptcy Court Did Not Err In Its Determination That McCabe's Debt Arising From The States Court's Damage Award Was Dischargeable

Corcoran argues that the default judgment, entered against McCabe in the CCP, established McCabe's willful and malicious conduct, and, therefore, the judgment is non-dischargeable under 28 U.S.C. § 523(a)(6). Appellant's Br. 14. McCabe argues that although the

3

CCP entered default judgment, the CCP did not find that McCabe's conduct was willful and malicious. Appellee's Br. 8. The Bankruptcy Court held a trial on the issue of dischargeability. The Bankruptcy Court did not admit the Damages Hearing transcript, ruling that the transcript was inadmissible for lack of proper authentication. *In re McCabe*, 559 B.R. at 430. The Bankruptcy Court determined that McCabe's debt arising from the states court's damage award did not fall within 28 U.S.C. § 523(a)(6)'s discharge exception because Corcoran failed to prove that McCabe willfully and maliciously injured him. *Id.* As this is a legal conclusion, the Court will review the Bankruptcy's Court decision *de novo*. *In re United Healthcare Sys., Inc.*, 396 F.3d at 249.

### 1. The CCP's Default Judgment Does Not Meet 11 U.S.C. § 523(a)(6) Exemption Requirements

A "discharge [in bankruptcy] does not discharge an individual debtor from any debt that arises as a result of a debtor's "willful and malicious injury . . . to another . . . ." 11 U.S.C. § 523(a)(6). A debt is non-dischargeable under § 523(a)(6) if the debt arises from an act done with "actual intent to cause injury," meaning there must have been a "deliberate or intentional injury . . . " *Kawaauhau v. Geiger*, 523 U.S. 57, 57, 61 (1998). "[D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64.

When a Pennsylvania court enters a default judgment, the party against whom the judgment has been entered does not have "the opportunity to have his 'day in court'" or to have his "cause of action decided upon the merits." *Kraynick v. Hertz*, 277 A.2d 144, 147 (Pa. 1971). Because injuries resulting from defamation may be intentionally or negligently inflicted, a default judgment, or resulting damages, in a defamation case is not determinative of whether an injury was willful or malicious.

To establish a defamation claim, a plaintiff must prove:

(1) The defamatory character of the communication;
(2) Its publication by the defendant;
(3) Its application to the plaintiff;
(4) The understanding by the recipient of its defamatory meaning;
(5) The understanding by the recipient of it as intended to be applied to the plaintiff;
(6) Special harm resulting to the plaintiff from its publication; and
(7) Abuse of a conditionally privileged occasion.

*Joseph v. Scranton Times L.P.*, 129 A.3d 404, 424 (Pa. 2015) (quoting 42 Pa. Cons. Stat. Ann. § 8343(a) (West 2018)). In addition, a private plaintiff seeking "compensation for harm inflicted as a result of the publication of defamatory matter" must prove that "the defamatory matter was published with want of reasonable care and diligence to ascertain the truth" or, alternatively, "with negligence." *Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pennsylvania*, 923 A.2d 389, 400 (Pa. 2007). Thus, an injury resulting from defamation may be either intentionally or negligently inflicted. *Reed v. Brown*, 166 A.3d 570, 575 (Pa. Commw. Ct. 2017) (quoting *Gaetano v. Sharon Herald Co.*, 231 A.2d 753, 755 (Pa. 1967)) (stating a cause of action for defamation arises upon "a publication of the defamatory matter, which is its communication intentionally or by negligent act to one other than the person defamed").

The imposition of punitive damages is appropriate if a trier-of-fact establishes "actual malice," meaning "the defamatory publication was made either with knowledge that it was false or with reckless disregard of whether it was false." *Bargerstock v. Washington Greene Cmty. Action Corp.*, 580 A.2d 361, 366 (Pa. Super. Ct. 1990) (citing *Hepps v. Philadelphia Newspapers, Inc.*, 485 A.2d 374 (Pa. 1984), *rev'd on other grounds*, 475 U.S. 767 (1986)).

The underlying defamation claim here, which resulted in a default judgment, was not litigated on the merits. Because a defamatory act may be either intentionally inflicted or negligently inflicted, the Court cannot conclude that the default judgment included a finding that

5

McCabe inflicted a "willful and malicious injury." Also, because punitive damages may be imposed for reckless conduct, which does not fall under § 523(a)(6), these damages also do not imply a finding of "willful and malicious injury." *Kawaauhau*, 523 U.S. at 64. As noted by the Bankruptcy Court, the CCP did not provide an explanation of the standard by which it imposed punitive damages. *In re McCabe*, 559 B.R. at 430.

In conclusion, neither the default judgment, nor the punitive damages award, included a finding that McCabe inflicted a "willful and malicious injury" within the meaning of § 523(a)(6). Therefore, the Court finds that the Bankruptcy Court did not err in its determination that the state court's default judgment did not meet the § 523(a)(6) exemption requirements.

### 2. The Bankruptcy Court Did Not Violate The Full Faith And Credit Clause

Corcoran alleges that because the CCP default judgment confirmed that McCabe's actions constituted willful and malicious conduct, 28 U.S.C. § 1738 required the Bankruptcy Court to give full faith and credit to the CCP default judgment. Appellant's Br. 18. McCabe argues that default judgments have no preclusive effect. Appellee's Br. 6–7. As this is a legal issue, Court exercises plenary, or *de novo*, review. *In re United Healthcare Sys., Inc.*, 396 F.3d at 249.

Federal courts must afford the "same full faith and credit" to state court judicial proceedings that "they have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. This means that federal courts must give the same preclusive effect to state court factual findings as would the courts of that state. *In re Graves*, 33 F.3d 342, 247 (3d Cir. 1994) (citing 28 U.S.C. § 1738); *see also Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir. 1999) (holding "the law of the issuing court . . . determines the preclusive effects of a prior judgment"). "Default judgments are not given preclusive effect in

6

Pennsylvania's courts." *In re Graves*, 33 F.3d at 248. In *McGill*, the Pennsylvania Superior Court considered the application of issue preclusion to default judgments for the first time. *McGill v. Southwark Realty Co.*, 828 A.2d 430 (Pa. Commw. Ct. 2003). The Pennsylvania Superior Court followed the Pennsylvania Supreme Court and defined issue preclusion in accordance with the Restatement (Second) of Judgments § 27 (1982). *Id.* at 434.

> Restatement (Second) of Judgments § 27 cmt.e (1982), provides:
>
> > Issues not actually litigated. A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action . . . .
>
> > \* \* \*
>
> > In the case of a judgment entered by confession, consent, *or default,* none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.

*McGill*, 828 A.2d at 434. Thus, the *McGill* Court concluded that a default judgment lacks the requisite element that it be "actually litigated," necessary for issue preclusion to apply. *Id.* Because a Pennsylvania court would not treat a default judgment as preclusive, the Bankruptcy Court was not required to do so. *In re Graves*, 33 F.3d at 247. Therefore, the Court concludes that the Bankruptcy Court was not in violation of 28 U.S.C. § 1738.

The Bankruptcy Court did not err, or violate 28 U.S.C. § 1738, by failing to afford deference to the CCP proceedings. Rather, it was the proper role of the Bankruptcy Court to take testimony and make credibility determinations as to who posted the defamatory message, as a prerequisite to determining whether the tort could be considered "willful and malicious conduct" for §523(a)(6) purposes.

Next, Corcoran argues that the Bankruptcy Court Order and Opinion violated 28 U.S.C. § 1738 by identifying the CCP litigation as "trademark infringement litigation" when the litigation concerned defamation and false invasion of privacy. Appellant's Br. 25–26. The Court finds Corcoran's arguments unpersuasive. The Bankruptcy Court discussed the trademark litigation, in which Corcoran acted as McCabe's attorney, to provide context surrounding the content of the alleged defamatory message. This context was essential in determining whether McCabe posted the message, and thus, whether McCabe acted with "willful and malicious conduct" within the meaning of §523(a)(6).

## B. The Bankruptcy Court Did Not Abuse Its Discretion In Denying The Admissibility Of The CCP Damages Hearing Transcript

The Bankruptcy Court did not abuse its discretion in ruling that the CCP Damages Hearing transcript was inadmissible for lack of proper authentication. This Court must review a bankruptcy court's determination concerning the admissibility of evidence for abuse of discretion. *In re Goody's Family Clothing Inc.*, 610 F.3d at 815; *Forrest v. Beloit Corp.*, 424 F.3d 344, 349 (3d Cir. 2005).

### 1. Authenticity

First, Corcoran argues that the Damages Hearing transcript was properly authenticated. Corcoran's Br. 23–25. Corcoran explains he could not obtain the transcript from the CCP because the CCP only keeps transcripts for three years. Appellant's Br. 24. Because the transcript was from February 17, 2009, it had been destroyed. Appellant's Br. 24. Corcoran alleges he obtained a certified copy of the transcript from the only custodian of record, Robin Bobbie, who was the stenographer at the CCP Damages Hearing. Appellant's Br. 24; Appellant's Br. Ex. 11, at 25. Importantly, Bobbie no longer works for the City of Philadelphia. Appellant's

Br. 24. The Bankruptcy Court ruled that the CCP Damages Hearing transcript was inadmissible due to lack of proper authentication. *In re McCabe*, 559 B.R. at 423.

The Court holds that the Bankruptcy Court did not abuse its discretion when it determined that the CCP Damages Hearing transcript was inadmissible. The document was not self-authenticating under Federal Rule of Evidence 902. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1190, 1226–27 (E.D. Pa. 1980), *aff'd in part, rev'd in part sub nom. In re Japanese Elec. Prod. Antitrust Litig.*, 723 F.2d 238 (3d Cir. 1983), *rev'd sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). While Bobbie certified the Damages Transcript as correct as required by Rule 902(4), she did not indicate that she was the custodian of the record. Appellant's Br. Ex. 11, at 80. Therefore, the Bankruptcy Court did not abuse its discretion in determining the Damages Hearing transcript was not properly authenticated.

### 2. Bases For Admissibility

Corcoran argues the transcript should have been admitted. The Bankruptcy Court has discretion to admit evidence, regardless of objections. *See In re SemCrude L.P.*, 648 F. App'x 205, 213 (3d Cir. 2016) (reviewing an appeal from a bankruptcy court and noting "[u]nder the Federal Rules of Evidence, it is the role of the trial judge to act as a 'gatekeeper' to ensure that any and all expert testimony or evidence is not only relevant, but also reliable" ). Thus, the Court concludes that the Bankruptcy Court did not abuse its discretion in determining the Damages Hearing transcript was inadmissible.[1]

---

[1] The Bankruptcy Court reviewed the Damages Hearing transcript and determined that, even if the Bankruptcy Court admitted the CCP Damages Hearing transcript, the transcript contradicted Corcoran's assertion that McCabe intended to cause a willful and malicious injury to Corcoran. This Court finds that the Bankruptcy Court did not abuse its discretion in making this conclusion.

### C. The Restatement (Second) Of Judgments Is Inapplicable

The Bankruptcy Court was not precluded from considering whether the judgment arose from a willful and malicious injury because the general rule in Pennsylvania is that default judgments have no preclusive effect. *McGill v. Southwark Realty Co.*, 828 A.2d 430, 434 (Pa. Commw. Ct. 2003). As this is an issue of law, the Court exercises plenary, or *de novo*, review. *In re United Healthcare Sys., Inc.*, 296 F.3d at 249.

Corcoran, while acknowledging "the general rule in Pennsylvania is that collateral estoppel does not apply to judgments entered by default," argues that suspending this rule is permissible "where it directly conflicts with the Restatement (Second) of Judgments, which was adopted before *McGill*." Appellant's Br. 11. Specifically, and in reliance on Restatement (Second) of Judgments § 27(d) cmt. d., Corcoran contends that the default judgment at issue should be considered "actually litigated" because McCabe failed to file an answer in CCP. Appellant's Br. 20. McCabe argues that *McGill* governs the present dispute and thus, the default judgment carries no preclusive effect. Appellee's Br. 6–9. In addition, McCabe argues that Restatement (Second) of Judgments § 27 cmt. e., which states that a default judgment is not actually litigated, contradicts Corcoran's argument. Appellee's Br. 9.

It is the "the law of the issuing court" which "determines the preclusive effects of a prior judgment." *Paramount Aviation Corp.*, 178 F.3d at 145. The Pennsylvania Supreme Court adopted the Restatement (Second) of Judgments § 27 (1982) definition of issue preclusion, which provides:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Pennsylvania State Univ.*, 615 A.2d at 306. Corcoran points to no precedent, and the Court finds no independent ground, to conclude that a Pennsylvania court has ever adopted, applied, or even considered Restatement (Second) of Judgments § 27 cmt. d. Accordingly, the Court cannot consider Corcoran's contention, in reliance on that provision, that a default judgment is "actually litigated" based on a party's failure to plead. Instead, the Restatement (Second) of Judgments § 27 cmt. e., cited with approval by the Pennsylvania Commonwealth Court, is dispositive on the issue. Comment e provides:

> Issues not actually litigated. A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action.
>
> In the case of a judgment entered by confession, consent, *or default,* none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.

*McGill*, 828 A.2d at 434.

The Court does not reach the issue of whether Restatement (Second) of Judgments § 27 cmt. d. conflicts with the general rule that default judgments are not afforded a preclusive effect, as set forth in *McGill*, because no Pennsylvania court has adopted this provision. However, the principles Pennsylvania courts have adopted indicate that Pennsylvania courts would not afford the default judgment any preclusive effect, as the Parties did not "actually litigate" the claim. *McGill*, 828 A.2d at 434. Therefore, the Court concludes that the Bankruptcy Court's determination did not contradict the Restatement (Second) of Judgments § 27 cmt. d.

### D. The Bankruptcy Court Was Not Jurisdictionally Barred From Considering Whether The Judgment Arose From A Willful and Malicious Injury

Corcoran argues that the Bankruptcy Court was "jurisdictionally barred" from "determin[ing] a personal injury tort" under 28 U.S.C. § 157(b)(5). Appellant's Br. 23. The Court reviews the Bankruptcy Court's jurisdictional authority *de novo*. *In re United Healthcare Sys., Inc.*, 396 F.3d at 249.

Under 28 U.S.C. § 157(b)(5), "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending. . . ." Importantly, § 157(b)(5) is "not jurisdictional." *Stern v. Marshall*, 564 U.S. 462, 479 (2011). Rather, § 157(b)(5) "simply specifies where a particular category of cases should be tried." *Id.* at 480. It is within the authority of a bankruptcy judge to enter an order or judgment in "all cases . . . and core proceedings under title 11," or "arising in a case under title 11." 28 U.S.C. § 157(b)(1). Core proceedings include "determinations as to the dischargeability of particular debts" as well as "objections to discharges." § 157(b)(2)(I),(J). A bankruptcy court judge may consider exceptions to discharge, enumerated under 11 U.S.C. § 523. One such exception to discharge is for debts that arise "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

The Court finds that § 157(b)(5) is not a jurisdictional statute and did not deprive the Bankruptcy Court of jurisdiction. Therefore, Corcoran's argument fails. In addition, the Court concludes that the Bankruptcy Court's determination as to whether the judgment was dischargeable was well within its authority. 28 U.S.C. § 157(b)(2)(I). In making its determination, the Bankruptcy Court considered, as was required, whether the debt arose from a "willful and malicious injury." 11 U.S.C. § 523(a)(6).

### E. The Bankruptcy Court Did Not Violate The Rooker-Feldman Doctrine

Corcoran argues that the Bankruptcy Court violated the Rooker-Feldman doctrine by considering whether McCabe actually defamed Corcoran. Appellant's Suppl. Br. 3. McCabe argues that the Rooker-Feldman doctrine is inapplicable because he is "not attacking the merits of the state court judgment" and although the judgment is valid, the validity of a judgment does not prevent its discharge in bankruptcy. Appellee's Br. 11.

The Rooker-Feldman doctrine did not prohibit the Bankruptcy Court from considering whether the CCP judgment was dischargeable because: (1) bankruptcy courts are empowered to discharge state court judgments, and (2) the federal claim was not inextricability intertwined with the state adjudication. As Rooker-Feldman is a jurisdictional doctrine, the Court reviews the issue *de novo*. *In re United Healthcare Sys., Inc.*, 396 F.3d at 249.

Rooker-Feldman is a jurisdictional doctrine, which stands for the principle that "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments . . . ." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). While in "apparent contradiction" to the Rooker-Feldman doctrine, bankruptcy courts are empowered to discharge state court judgments. *Knapper v. Bankers Tr. Co. (In re Knapper)*, 407 F.3d 573, 583 n.22 (3d Cir. 2005) (citing *In re: Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc)). The Rooker-Feldman doctrine provides that federal courts lack jurisdiction under two circumstances: (1) the federal claim was actually litigated in state court prior to the filing of the federal action, or (2) "the federal claim is inextricably intertwined with the state adjudication." *Madera v. Ameriquest Mortg. Co. (In re Madera),* 586 F.3d 228, 232 (3d Cir. 2009) (internal citations omitted). A federal claim is inextricably intertwined with the state adjudication if a federal grant of relief would require the federal court to determine the state

court judgment was in error, or to take other action that would negate the state court judgment. *Id.*

The Bankruptcy Court did not violate the Rooker Feldman doctrine by discharging the state court judgment. *Knapper*, 407 F.3d 573, 583 n.22 (3d Cir. 2005). Rather, the Bankruptcy Court properly exercised its exclusive statutory power to determine whether McCabe's debt was dischargeable. *See* 11 U.S.C. § 523(a)(6).[2]

The Rooker-Feldman doctrine did not prohibit the Bankruptcy Court from hearing the claim because the federal claim was not actually litigated in state court. In addition, the claim was not "inextricably intertwined" with the CCP judgment because the grant of relief requested by McCabe did not require the Bankruptcy Court to determine that the CCP judgment was in error, nor take action that would negate the CCP judgment. Indeed, McCabe did not request that the Bankruptcy Court review or reject the merits of the CCP judgment. Rather, McCabe was attempting to prevent the Bankruptcy Court from giving effect to the CCP judgment. In sum, the Rooker-Feldman doctrine did not deprive the Bankruptcy Court of the subject matter jurisdiction.

**IV. CONCLUSION**

For the reasons set forth above, the Court AFFIRMS the Bankruptcy Court's decision.

---

[2] The Rooker-Feldman doctrine applies differently to bankruptcy courts, as "[b]ankruptcy courts have extensive powers to modify or discharge state-court judgments." *Loucas v. Cunningham (In re Cunningham)*, 541 B.R. 792, 800 (E.D. Pa. 2015). More specifically, the Third Circuit has explained that, while in "apparent contradiction" to the Rooker-Feldman doctrine, "bankruptcy courts are empowered to avoid state judgments, *see, e.g.*, 11 U.S.C. §§ 544, 547, 548, 549; to modify them, *see, e.g.*, 11 U.S.C. §§ 1129, 1325; and to discharge them, *see, e.g.*, 11 U.S.C. §§ 727, 1141, 1328." *Knapper*, 407 F.3d at 583 n.22 (citing *In re: Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc)). Furthermore, actions seeking a determination of nondischargeability are core bankruptcy proceedings and are not subject to the Rooker-Feldman doctrine. *Loucas v. Cunningham (In re Cunningham)*, 541 B.R. 792, 800 (E.D. Pa. 2015) (citing *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 871 (9th Cir. 2005)).